IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMI JOHNSON, as Heir-at-Law of JANET CHARLENE BARNES, deceased, and as Special Administrator of the Estate of JANET CHARLENE BARNES, deceased,<br><br>     Plaintiff,<br>v.<br><br>HMG PARK MANOR OF WESTWOOD LLC d/b/a TANGLEWOOD HEALTH & REHABILITATION AND/OR TANGLEWOOD NURSING AND REHABILITATION,<br><br>     Defendant. | CIVIL ACTION<br><br>No. 23-1141-KHV |

**MEMORANDUM AND ORDER**

This matter is before the Court on the parties' Joint Motion To Seal Or In The Alternative Redact And Memorandum In Support (Doc. #100) filed May 31, 2024. For reasons stated below, the Court overrules the joint motion.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents. Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012). To do so, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process. Id.; see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular

and specific facts, not merely "stereotyped and conclusory statements"). The Court must rely on specific, rather than general, information when deciding to seal. See United States v. Bacon, 950 F.3d 1286, 1294 (10th Cir. 2020).

The parties seek to seal Exhibits 1 and 2 to their Joint Motion For Approval Of Wrongful Death Settlement And Allocation Of Proceeds (Doc. #96) filed May 31, 2024, or, alternatively, to redact the exhibits so that the public cannot determine the amount of the settlement. The parties speculate that public disclosure of the settlement amount would result in "serious injury" to both plaintiff and defendant. Joint Motion To Seal Or In The Alternative Redact And Memorandum In Support (Doc. #100) at 3. Specifically, the parties state that plaintiff has the right to protect her personal financial information and protect herself from unwanted solicitation of funds. Id. at 2. The parties state that defendant has an interest to protect the settlement amount because it denies liability and the amount of the settlement is unrelated to the merits of plaintiff's claims. Id. at 3. The parties also argue that the settlement amount should not be disclosed because mutual confidentiality was part of the consideration for the agreement. Id. at 1. The Court recognizes that preserving the confidentiality of settlement agreements may encourage settlement of pending cases. Even so, public access to the settlement terms of lawsuits might equally encourage resolution of disputes before claimants file a lawsuit. In any event, in addition to the general interest of public access, the public has an interest in the settlement of a case involving rehabilitation care at nursing homes which is largely publicly funded through Medicaid and Medicare. Indeed, in this case, the federal Medicare program asserts a lien on the settlement proceeds. On balance, the parties have not shown how their interests in keeping the terms of their agreement confidential outweigh the public interest in access to records which inform the Court's decision-making process. See Colony Ins., 698 F.3d at 1242. The Court therefore overrules the

parties' motion to seal.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion To Seal Or In The Alternative Redact And Memorandum In Support (Doc. #100) filed May 31, 2024 is **OVERRULED**.

Dated this 4th day of June, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge