# Final Release, Settlement and Confidentiality Agreement

This Release, Settlement and Confidentiality Agreement ("Agreement") is entered into by the undersigned and is effective as of the 8th day of May 2024.

1.    Definitions

"Action" shall mean: the litigation filed on July 14, 2023 by Plaintiff Jami Johnson, as Heir-at-Law of Janet Charlene Barnes, deceased, and as Special Administratrix of the Estate of Janet Charlene Barnes, deceased v. HMG Park Manor of Westwood, LLC dba Tanglewood Nursing and Rehabilitation, Case No. 6:23-cv-01141 in the United States District Court for the District of Kansas.

"Defendant" shall mean: HMG Park Manor of Westwood, LLC dba Tanglewood Nursing and Rehabilitation.

"Incident" shall mean: medical and/or nursing care or treatment provided by HMG Park Manor of Westwood, LLC dba Tanglewood Nursing and Rehabilitation to Janet Barnes on or about September 3, 2021 to September 6, 2021 at HMG Park Manor of Westwood, LLC d/b/a Tanglewood Nursing & Rehabilitation in Topeka, Shawnee County, Kansas.

"Plaintiff" shall mean: Jami Johnson, as Heir-at-Law of Janet Charlene Barnes, deceased, and as Special Administratrix of the Estate of Janet Charlene Barnes, deceased.

"Parties Released" shall include: the Defendant, Kansas Medical Mutual Insurance Company ("KAMMCO"), Kansas Health Care Provider Insurance Availability Plan ("Plan"), KAMMCO as the servicing carrier for the Plan, Kansas Health Care Stabilization Fund and its Board of Governors ("Fund"), together with any of their subsidiaries, affiliated and related entities, predecessors, assigns, officers, directors, shareholders, agents, employees, insurers, legal representatives, and any and all other persons or entities for whose conduct they may be liable or for whom they may be contractually obligated to provide professional liability or other insurance coverage.

"Released Claims" shall mean: all claims, causes of action, or interests described in Section 2 of this Agreement or defined as Incident or Action above.

2.  <u>Released Claims</u>

For the consideration of one hundred seventy five thousand dollars ($175,000), Plaintiff forever releases the Parties Released, from all claims and causes of action, which may ever be asserted by the undersigned and/or the undersigned's executors, administrators, successors, assigns, or others, whether such claims or causes of action are presently known or unknown, asserted or unasserted, present or future, direct or indirect, which in any way arise out of the Action, or which in any way involve the diagnosis, care and treatment, or the failure to diagnose or treat Janet Barnes at any time to the present, including but not limited to any private or other cause of action that arises under contract, common law, Title XVIII or XIX of the Social Security Act (Pub. L. 74-271), or any other federal or state law, as currently in effect or hereinafter amended.

The parties to this Agreement agree that the Payment shall be due 30 days after counsel for Defendants receives a file stamped copy of the Order of the Court approving the settlement and an executed copy of the Agreement in this matter. To the extent that the Payment is paid within the time frame specified above, the Plaintiff, as part of the consideration for the sums payable under this Agreement, waives and forever releases any claim or right against any of the Parties Released for the accrual or payment of interest on any portion of the Payment, including but not limited to any such claim or interest created by statute. To the extent that any law or regulation requires that interest shall be paid to Plaintiff by any of the Parties Released, Plaintiff, as part of the consideration for the sums payable under this Agreement, agrees to indemnify and hold harmless the Parties Released from any such interest due to the extent that the Payment is paid within the time frame specified above. This provision does not apply to the Kansas Health Care Stabilization Fund, which is governed by K.S.A. 40-3401 et seq.

This release is intended to cover any and all future injuries, damages or losses, whether known or unknown to the parties to this Agreement, but which may later develop, or be discovered in connection with the Incident including, but not limited to, wrongful death claims or loss of consortium claims and shall be binding on all actual or any possible heirs, executors, administrators, and assigns.

The undersigned acknowledges that the above-referenced consideration is being accepted as full compensation for any and all injuries, damages and losses (past, present and future, known or unknown, asserted or unasserted, direct or indirect), which were or ever could be claimed in connection with the Action.

The undersigned waives any claim that this Agreement was not fairly and knowingly made, and acknowledges the potential uncertainty concerning the full extent of Plaintiff's damages, claims, or causes of action. The undersigned warrants that no promise or inducement has been offered except as herein set forth and that this release is executed without reliance upon any statement or representation by the Parties Released or their representatives concerning the nature and extent of injuries, and/or damages, claims by third parties against amounts paid under this Agreement, and/or future medical or non-medical costs or needs, if any, and/or legal liability therefore.

Plaintiff agrees to waive, release and forever discharge Parties Released from any obligations for any claim, known or unknown, arising out of the failure of Parties Released to provide for a primary payment or appropriate reimbursement pursuant to 42 U.S.C. 1395y(b)(3)(A).

3. <u>Indemnification and Hold Harmless</u>

The undersigned expressly acknowledges she has an independent legal obligation to satisfy any lien, claim, or interest that any third party may have in proceeds of this settlement, which the undersigned herein agrees is the sole and separate obligation of the undersigned. Undersigned agrees: (1) to assume all responsibility to timely satisfy any lien, claim, or interest that any third party may have in proceeds of this settlement; and (2) that she will forthwith satisfy any such lien, claim, or interest without further action from the Parties Released.

The undersigned expressly acknowledges that she has an independent legal obligation to satisfy any Medicare or Medicaid lien, claim, or interest which the undersigned herein agrees is the sole and separate obligation of the undersigned.

A. Medicare Conditional Payments

As a term of this Agreement, the parties have fully considered Medicare's potential interests pursuant to the Medicare Secondary Payer Rules. Plaintiff represents and warrants that Janet Barnes was a Medicare beneficiary. As a beneficiary, the undersigned acknowledges that she has considered Medicare's interests in accordance with applicable law and is responsible for the identifying any existing Medicare claims or conditional payments relating to the injury that is the subject of this settlement, and for advising Parties Released of the amount of any such liens or conditional payments.

Plaintiff represents and warrants that Medicare's conditional payments (or a Medicare Advantage Plan C or Part D payments) total $12,321.21. See attached Exhibit A, Medicare

Conditional Payment Letter with Date of Incident September 6, 2021. Plaintiff's attorney agrees to withhold sufficient funds to cover any conditional payments made in their trust account pending receipt of the Final CMS Demand Letter (or final demand letter from Part C/D plan). Plaintiff warrants that she will ensure that Medicare's interests are timely satisfied from the settlement funds without further action from the Parties Released.

Plaintiff further acknowledges that the payment of settlement funds is conditioned upon her agreement to reimburse CMS for any funds that CMS would otherwise been entitled to recover under the Medicare Secondary Payer ("MSP") statute at 42 U.S.C. § 1395y(b)(2) and to provide the Parties Released with proof that all conditional payments have been satisfied.

Plaintiff further agrees to fully satisfy and indemnify and hold the Parties Released harmless from any and all present or future rights of CMS (including any Medicare Part C or D Plan), including but not limited to penalties, liens, conditional payments, demands, and actions in law or equity arising out of the MSP statute, including failure to satisfy all Medicare liens or conditional Medicare payments.

B. Consideration of Medicare's Future Interests

The parties to this agreement believe the rights and interests of Medicare have been adequately considered and protected. It is not the intention of the parties to this settlement to shift responsibility of future injury related medical expenses to Medicare, a Medicare Advantage Plan, Medicare Prescription Drug Plan, or Medicaid. Instead, this settlement agreement is intended to provide Plaintiff a lump sum which will foreclose the Parties Released responsibility for future payments of all injury-related medical expenses.

Plaintiff certifies that treatment for the alleged injuries arising out of the Action related to this Settlement has been completed, that future medical items and/or services for any alleged injuries arising out of the Action will not be required, or, if treatment is needed related to the released injuries, Plaintiff acknowledges she is responsible for payment of any and all future medical expenses related to such injuries.

Plaintiff has been advised that this settlement will be reported to CMS. Plaintiff understands the settlement may impact, limit, or preclude her right or ability to receive future Medicare benefits arising out of the injuries alleged in the Action, and nevertheless wishes to proceed with the settlement referenced herein.

The undersigned further hereby covenants to defend, indemnify and hold harmless the Parties Released from and against all private causes of action or lien and subrogation claims arising out of the Medicare Secondary Payer Act, and against any other rights, claims, or interests of third parties, including all costs and attorney's fees incurred in the defense of such claims,

including, but not limited to, any action by CMS alleging that its interests were not adequately considered in this settlement. The Parties Released retain the right to monitor the defense of any such claim or action, or to request proof of satisfaction and discharge of all rights, claims, or interests of third parties.

4.   Warranty of Capacity to Execute Agreement

The undersigned warrants that no other person or entity has or has had any interest in the claims or causes of action referred to in this Agreement and that the undersigned has the sole right and exclusive authority to execute this Agreement and receive the sums specified in it. The undersigned shall defend and indemnify the Parties Released should any other person claim to have an interest in the claims and injuries described in this Agreement.

5.   Confidentiality

The undersigned agrees, separate from the sums payable under this Agreement, that the terms of this settlement and all negotiations concerning this settlement shall be and will remain absolutely confidential and shall not be disclosed by the undersigned, the undersigned's family, the undersigned's attorney or any members or employees of the attorney's firm, to any person, firm, corporation, entity, media or the internet. If asked how the case was concluded, they shall respond by saying that the matter has been resolved. The undersigned further agrees that the names or identities of the Parties Released and the sums payable shall not be disclosed unless required by law. This Agreement does not apply to preclude the Defendants from making any disclosure required by law or as part of any application for professional privileges, credentialing, participation in health insurance plans, or professional liability insurance, nor does it preclude the Fund from making disclosure as required by law.

6.   Governing Law

This Agreement shall be construed and interpreted according to the laws of the State of Kansas.

7.   Delivery of Dismissal with Prejudice

Concurrently with the execution of this Agreement, counsel for the undersigned has delivered to counsel for the Defendants an executed Dismissal with Prejudice of the Action. The Plaintiff has authorized her attorney to execute this Dismissal on her behalf and hereby authorizes counsel for the Defendants to file said Dismissal with the court and enter it as a matter of record.

8.  Denial of Liability

This Agreement expresses a compromise of disputed claims and constitutes a full and complete settlement of the Released Claims. Liability and responsibility for the Released Claims is expressly denied by the Parties Released. Regardless of the adequacy of the above consideration, the acceptance or existence of this Agreement shall not operate as an admission of any wrongdoing or liability on the part of the Parties Released.

9.  Entire Agreement

This Agreement contains the entire agreement by the undersigned related to the Released Claims and there are no other understandings, either written or oral, which affect the terms hereof. This Agreement shall be binding on any actual or any possible heirs, executors, administrators, and assigns of the undersigned. This Agreement may not be modified unless mutually agreed upon in writing between the Parties Released and the undersigned.

PLAINTIFF HAS COMPLETELY READ THIS AGREEMENT AND FULLY UNDERSTANDS AND VOLUNTARILY ACCEPTS IT FOR THE PURPOSE OF FINAL RESOLUTION AND SETTLEMENT OF ANY AND ALL CLAIMS, DISPUTED OR OTHERWISE, FOR THE EXPRESS PURPOSE OF PRECLUDING FOREVER ANY OTHER CLAIMS ARISING OUT OF OR IN ANY WAY CONNECTED WITH THE INCIDENTS, INJURIES, OR DAMAGES ABOVE MENTIONED.

PLAINTIFF RECOGNIZES THAT THE FUTURE COURSE OF PRESENT INJURY OR OTHER DAMAGES CANNOT BE PREDICTED WITH CERTAINTY. PLAINTIFF ASSUMES THE RISK THAT THE CLAIMED INJURIES OR DAMAGES MAY WORSEN IN THE FUTURE AND THAT NEW INJURIES OR DAMAGES MAY DEVELOP. PLAINTIFF ACKNOWLEDGES THAT INFORMATION REGARDING CLAIMS MADE IS SUFFICIENT TO ENTER INTO THIS AGREEMENT AND EXPRESSLY WAIVES ANY CLAIM THAT THIS RELEASE IS NOT FAIRLY AND KNOWINGLY MADE.

EACH OF THE UNDERSIGNED PARTICIPATED FULLY IN THE REVIEW AND APPROVAL OF THIS AGREEMENT WITH FULL OPPORTUNITY TO OBTAIN AND CONSIDER ADVICE OF COUNSEL. EACH OF THE UNDERSIGNED AGREE, AS A MATERIAL TERM OF THIS AGREEMENT, THAT ANY RULE OF CONTRACT CONSTRUCTION TO THE EFFECT THAT AMBIGUITIES ARE TO BE RESOLVED AGAINST THE DRAFTING PARTY SHALL NOT APPLY TO THE INTERPRETATION OF THIS AGREEMENT. ANY AMBIGUITIES IN THE LANGUAGE OF THIS AGREEMENT SHALL BE INTERPRETED OR RESOLVED WITHOUT REGARD TO WHICH PARTY OR PARTIES DRAFTED THIS AGREEMENT OR ANY PORTION OF THIS AGREEMENT.

DATED THIS 8th day of May, 2024

Jami Johnson as Heir-at-Law of Janet Charlene Barnes, deceased, and as Special Administratrix of the Estate of Janet Charlene Barnes, deceased

Approved By: Darin Hayes, Hutton & Hutton Law Firm, L.L.C., Attorneys for Plaintiffs

STATE OF KANSAS          )
                         )  ss.
COUNTY OF Wabaunsee      )



MELODY D. ERICKSON
NOTARY PUBLIC
STATE OF KANSAS
MY COMM. EXPIRES
5-12-25

BE IT REMEMBERED, that on this 30 day of May, 2024 before me, the undersigned, a Notary Public in and for the county and state aforesaid, came Jami Johnson, who is personally known to me to be the same person who signed the above document and said person duly acknowledged the execution of the same and swore to the same in my presence.

Notary Public

My appointment expires: 5-12-25

The undersigned, attorney for Plaintiff, in connection with the matters and things set forth in the foregoing Agreement, hereby:

Guarantees that the signature to this Agreement is the signature of the Plaintiff in this Action and the individual named in this Agreement;

Agrees, as part of the consideration for the settlement of this Action and the inclusion of Plaintiff's attorney as payee on the settlement draft, to be bound by the terms of paragraph 5 of this Agreement (relating to confidentiality) as though signing this Agreement as a releasing and indemnifying party.

DATED THIS 30 day of May, 2024

By _____

Darin Hayes, Hutton & Hutton Law Firm, L.L.C., Attorneys for Plaintiffs