IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Filed in Open Court
6/11/2024
Skyler B. O'Hara
By _____
Deputy

| | |
|---|---|
| JAMI JOHNSON, as Heir-at-Law of JANET CHARLENE BARNES, deceased, and as Special Administratrix of the Estate of JANET CHARLENE BARNES, deceased,<br><br>Plaintiff,<br><br>v.<br><br>HMG PARK MANOR OF WESTWOOD, LLC d/b/a TANGLEWOOD HEALTH & REHABILITATION AND/OR TANGLEWOOD NURSING AND REHABILITATION,<br><br>Defendant. | Case No. 6:23-cv-01141-KHV-BGS |

**MEMORANDUM AND ORDER APPROVING WRONGFUL DEATH SETTLEMENT**

NOW ON THIS 11th day of June 2024, the above-entitled matter comes before the Court for hearing on the Application for Approval of Wrongful Death Settlement and Allocation of Proceeds filed by Plaintiff Jami Johnson ("Plaintiff"). Plaintiff appears in person and by her attorneys, Darin Hayes, Blake Shuart, and Kaylea Knappenberger. Defendant appears by its attorneys, Matthew Merrill and Connor Brown. There are no other appearances.

WHEREUPON, the Court, after being fully advised and after due consideration, finds as follows:

1. This action has been brought by Plaintiff against remaining Defendant HMG Park Manor of Westwood, LLC alleging negligence and wrongful death in connection with care and treatment rendered to Janet Barnes while she was a resident of Tanglewood Health and Rehabilitation from September 3, 2021, to September 6, 2021. Plaintiff alleges such negligence caused or contributed to cause Ms. Barnes's death.

2. Ms. Barnes died on September 7, 2021 and Plaintiff has brought a cause of action for wrongful death pursuant to K.S.A. § 60-1901 *et seq.*

3. Defendant denies liability and denies that it caused or contributed to cause Ms. Barnes's death.

4. Plaintiff is the surviving spouse of Ms. Barnes, and the wrongful death beneficiary who has brought a wrongful death claim under K.S.A. § 60-1901 *et seq.*

5. Ms. Barnes was not survived by her parents.

6. Ms. Barnes was not married at the time of her death.

7. Ms. Barnes had one (1) child, natural or adopted, legitimate or illegitimate, during her lifetime: Jami Johnson, Plaintiff.

8. Plaintiff Jami Johnson has been given notice as required under Kansas law of the settlement, of this application to approve, and of the hearing on this application, and approves of said settlement and distribution.

9. Plaintiff affirms that there are no other heirs at law of Ms. Barness to give notice of the settlement, this application to approve, and of the settlement hearing pursuant to K.S.A. § 60-1905.

10. Plaintiff represents and warrants that she knows of no other wrongful death beneficiary other than as set forth above, and that there are no other wrongful death beneficiaries as defined under K.S.A. § 60-1901 *et seq.*

11. Plaintiff and Defendant reached a complete resolution of matter following mediation, as Plaintiff has testified in Court and as set forth in the Settlement Agreement and Release of All Claims entered into, and the Plaintiff now petitions the Court for approval of the terms of the settlement, including the terms of the Settlement Agreement and Release of All Claims

document, which has been reviewed by the Court and withdrawn by counsel.

12. Plaintiff has employed the legal services of Hutton and Hutton to assist in the prosecution of the above cause of action. Said attorneys have informed the Court that they have fully investigated the law and the facts pertinent to the above-captioned cause of action, and have advised Plaintiff accordingly. Said attorneys have advised Plaintiff that her cause of action may be compromised and settled with Defendant upon the terms set forth herein and in the Settlement Agreement and Release of All Claims.

13. Plaintiff and her attorneys have had sufficient time to become fully informed regarding the nature and extent of damages, the legal merit of the claims made against Defendant, and the uncertain outcome of the litigation.

14. Although Defendant denies liability to Plaintiff of any kind or character, the parties have nevertheless been able to negotiate a compromise and settlement. The gross amount is set forth on Exhibit 1 (referenced in the Application for Approval of Wrongful Death Settlement and Allocation of Proceeds), which was presented to the Court as evidence.

15. Plaintiff and her attorneys believe and have represented to the Court that the settlement amount and settlement agreement are fair and reasonable considering all the facts and circumstances and that their approval by this Court would be in the best interests of the Plaintiff and wrongful death beneficiaries.

16. The proposed settlement is fair and reasonable, and valid, just, and equitable.

17. The proposed settlement distribution stated in Exhibit 2 referenced in the Application for Approval of Wrongful Death Settlement and Allocation of Proceeds is fair and reasonable and is approved.

18. Plaintiff's costs and attorneys' fees as stated by Plaintiff at hearing and as shown

on the proposed distribution document pursuant to K.S.A. § 60-1905 are reasonable and are approved.

19.     Plaintiff waives a trial by jury and the right to appeal.

**IT IS THEREFORE BY THE COURT CONSIDERED, ORDERED, ADJUDGED, AND DECREED** that the settlement, as set forth in the Settlement Agreement and Release of All Claims is found to be **VALID, JUST, AND EQUITABLE**, and is hereby approved.

**IT IS FURTHER BY THE COURT CONSIDERED, ORDERED, ADJUDGED, AND DECREED** that the apportionment, as set forth in Exhibit 2, is found to be **VALID, JUST, AND EQUITABLE**, and is hereby approved.

**IT IS FURTHER BY THE COURT CONSIDERED, ORDERED, ADJUDGED, AND DECREED** that all valid liens and claims shall be satisfied by Plaintiff, and Defendant shall not be liable for any such liens.

**IT IS FURTHER BY THE COURT CONSIDERED, ORDERED, ADJUDGED, AND DECREED** that Plaintiff's costs and attorneys' fees are reasonable and customary, and they are hereby approved.

**IT IS FURTHER BY THE COURT CONSIDERED, ORDERED, ADJUDGED, AND DECREED** that each party shall bear her or its own costs, expenses, and attorneys' fees.

SO ORDERED, BY THE COURT.

DATED this 11th day of June 2024      _/s/ Kathryn H. Vratil_
HON. KATHRYN H. VRATIL

Prepared and approved as to form by:

SANDBERG PHOENIX & von GONTARD P.C.

By: */s/ Connor Brown*
Matthew M. Merrill, KS Bar #19021
Connor W. Brown, KS Bar #29423
4600 Madison Avenue, Suite 1000
Kansas City, MO 64112
T: (816) 627-5332 / F: (816) 627-5532
mmerrill@sandbergphoenix.com
cbrown@sandbergphoenix.com
*Attorneys for Defendant*

HUTTON & HUTTON

By: */s/ Darin Hayes*
J. Darin Hayes, #16755
Blake A. Shuart, #24463
Kaylea D. Knappenberger, #28902
8100 E. 22nd St. No., Bldg. 1200
Wichita, KS 67226
Phone: (316) 688-1166
Fax: (316) 686-1077
**Darin.Hayes@huttonlaw.com**
**Blake.shuart@huttonlaw.com**
**Kaylea.knappenberger@huttonlaw.com**
**suzanne.matthias@huttonlaw.com**
*Attorneys for Plaintiff*